IN THE UNITED STATES DISTRCT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAGTAR SINGH,**<br>    Petitioner<br><br>    v.<br><br>**MICHAEL T. ROSE,** *et al*. | Case No.: 2:26-cv-1201-JLS |

## ORDER

**AND NOW**, this 2nd day of March, 2026, upon consideration of Jagtar Singh's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

   1. Jagtar Singh is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

   2. The Government shall **RELEASE** Jagtar Singh from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on March 3, 2026.

   3. If the Government chooses to pursue re-detention of Jagtar Singh pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.;

4. The Court shall retain jurisdiction over this matter for thirty (30) days unless otherwise ordered.[1]

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
United States District Court Judge

---

[1] Jagtar Singh is a citizen of India who entered the United States without inspection on or about January 14, 2024. He has been in immigration detention since February 24, 2026 when ICE agents arrested Petitioner at his scheduled ICE appointment in Philadelphia, Pennsylvania. ICE did not conduct a custody re-determination or set bond. Singh is presently detained at the Federal Detention Center in Philadelphia. The Government's arguments are familiar. The Government maintains that Petitioner is lawfully detained pursuant to 8 U.S.C. 1225(b)(2) and that his detention does not violate constitutional due process. This Court has repeatedly rejected these arguments. *See, e.g., Patel v. McShane*, No. 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center*, No. 25-cv6312 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison*, No. 25-cv-5930 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill*, No 25-cv-6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Espinal Rosa v. O'Neill*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.);*Wu v. Jamison*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, No. 25-cv-6474 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison,* No. 25-cv-6490 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden*, FDC, No. 25-cv-6572 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, No. 25-cv-5810 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill*, No. 25-cv-6191 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose*, No. 25-cv6608 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi*, No. 25-cv-6143 (E.D. Pa. Dec. 4, 2025) (Diamond, J.); *Hidalgo v. O'Neill*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) Diamond, J.); *Conde v. Jamison*, No. 25-cv-6551 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill*, No. 25-cv-6543 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill*, No. 25-cv-6809 (E.D. Pa. Dec. 8, 2025) (Rufe, J.); *Anirudh v. McShane*, No. 25-cv-6458 (E.D. Pa. Dec. 8, 2025) (Bartle, J.); *Acosta Cibrian v. Rose*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill*, No. 25-cv-6731 (E.D. Pa. Dec. 15, 2025) (Perez, J.).

The government also argues that applicants for admission must be detained under 8 U.S.C. § 1225(b)(2)(A), absent discretionary parole. However, this argument has also been rejected by this Court. *See Cordero v. Rose*, No. 26-cv-534, ECF No. 5 at 5-6 (E.D. Pa. Jan. 29, 2026) (Marston, J.) (concluding that petitioner, who entered the United States more than three years ago, was not an applicant for admission that was actively "seeking admission" within the meaning of § 1225(b)(2)); *Cajas-Duchimaza v. McShane*, No. 26-cv-621, ECF No. 6 (Feb. 3, 2026) (similar); *Gurievi v. Rose*, No. 26-736, ECF No. 6 (Feb. 9, 2026). The Court will not belabor the point: Jagtar Singh's mandatory detention without the opportunity for a bail hearing is unlawful.